IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-16

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     KRISTEN M. MARTIN,

    Defendant.

---

**INFORMATION**

---

The UNITED STATES ATTORNEY charges that:

**COUNT ONE**
**18 U.S.C. § 1341**

1. From at least January 2013 through December 2016, in the District of Colorado, defendant KRISTEN M. MARTIN ("MARTIN") knowingly and intentionally devised a scheme and artifice to defraud her employer of money and property (hereinafter referred to as "the Scheme"). It was part of the Scheme that:

    a. From at least January 2013 through December 2016, defendant MARTIN was employed as an Executive Assistant with her employer (hereinafter "the Company"). In that position, defendant MARTIN was authorized to purchase supplies needed by the Company from Staples.

    b. In order to purchase items from Staples on behalf of the Company, defendant MARTIN had a unique ID and password to access Staples'

1

web-based order platform. To order supplies for the Company, an authorized employee would log onto the Staples website, select the necessary supplies, select a "ship to" location, and designate one of the Company's numerous cost centers as being responsible for the order. Staples would then fill the order and send the supplies to the Company by UPS or by courier. Staples would then send an itemized bill to the Company. The Company's accounts payable department would forward to each cost center only the total dollar amount due from that cost center for the bill. Each cost center was then responsible for paying its portion of the bill.

c. The Company used numerous cost centers for accounting purposes, including tracking expenses. Ordinarily, an employee could only designate on the Staples website the cost center that corresponded to the department in which the employee worked. However, if an employee transferred positions or responsibilities within the Company, the employee acquired access to a new cost center that corresponded with the employee's new assignment without losing access to the cost center corresponding with the prior assignment.

d. From at least January 2013 through December 2016, defendant MARTIN continuously used her ID and password, which she had for the sole purpose of ordering supplies for the Company, to log onto the Staples website to order unauthorized items which defendant MARTIN kept for herself. Defendant MARTIN resold most of these items on

Ebay and through other means. When defendant MARTIN placed each of these unauthorized orders, she acted with the specific intent to deceive both Staples and the Company into believing that she was ordering supplies for the Company so that Staples would fill the order and the Company would pay for it.

e. From January 2013 through December 2016, defendant MARTIN fraudulently ordered, purportedly on behalf of the Company, through the Staples website the following items for the purpose of keeping them and reselling them for her own profit: 4,790 scientific calculators, 250 Ipads/tablet computers, 440 Apple TVs, 178 Kindles, 159 headsets, and 5 cameras, causing a loss to the Company of $864,441.11.

f. In order to avoid detection, from January 2013 through December 2016, defendant MARTIN intentionally billed these items to 23 different cost centers at the Company so that each cost center was less likely to notice the fraudulent charges. Defendant MARTIN had access to 23 cost centers because she changed assignments at the Company many times.

g. On a few occasions during the scheme, different senior employees of the Company became aware of irregular purchases being made by defendant MARTIN, such as a large number of scientific calculators or Ipads. These senior employees questioned defendant MARTIN about these purchases. Each time defendant MARTIN falsely stated that the

3

      purchases were made for a Company project in a different division of the Company. Because defendant MARTIN was a highly regarded employee who had worked with a number of senior executives, the senior employees believed her false explanations.

  h. From at least March 2014 through December 2016, defendant MARTIN also fraudulently used the Company's Federal Express account to ship via Federal Express the fraudulently purchased items to her buyers, causing an additional loss to the Company of $7,896.57.

**Execution of the Scheme**

2. For the purpose of executing the scheme described above, on or about June 9, 2015, defendant MARTIN caused another to deposit a shipment of items ordered from Staples as part of order number 7137819841 to be sent and delivered by UPS, a private and commercial interstate carrier, to an address within Colorado.

All in violation of 18 U.S.C. § 1341.

## COUNT TWO
## 26 U.S.C. § 7201

3. From in or about January 2014, through in or about June 2015, in the District of Colorado, defendant KRISTEN M. MARTIN, a resident of Denver, Colorado, willfully attempted to evade and defeat income tax due and owing by her to the United States of America, for the calendar year 2014, by committing the following affirmative acts of evasion, among others:

  a. On or about April 11, 2015, defendant MARTIN signed, and caused to be filed, a false and fraudulent U.S. Individual Income Tax Return,

       Form 1040, for the tax year 2014, on which defendant MARTIN willfully did not include income she earned by selling goods online during 2014, and which was submitted to the Internal Revenue Service;

b. On or about May 29, 2015, defendant MARTIN sent to her accountant false and fraudulent information and documentation regarding her supposed "costs of goods sold" in connection with income that she earned from selling goods online during 2014; and

c. On or about June 9, 2015, defendant MARTIN signed, and caused to be filed, a false and fraudulent Amended U.S. Individual Income Tax Return, Form 1040X, for the tax year 2014, on which she willfully substantially underrepresented her net earnings from selling goods online during 2014, and which was submitted to the Internal Revenue Service.

All in violation of 26 U.S.C. § 7201.

## Forfeiture Allegation

4. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c).

5. Upon conviction of the violations alleged in Count One of this Information involving violations of 18 U.S.C. § 1341, defendant KRISTEN M. MARTIN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c) any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds the defendant

obtained directly and indirectly as a result of such offense, including, but not limited to the entry of a money judgment in the amount of proceeds obtained by the scheme and by the defendant.

6. If any of the property described above, as a result of any act or omission of the defendant:

    a) cannot be located upon the exercise of due diligence;

    b) has been transferred or sold to, or deposited with, a third party;

    c) has been placed beyond the jurisdiction of the Court;

    d) has been substantially diminished in value; or

    e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

JASON R. DUNN
UNITED STATES ATTORNEY

s/
By: Pegeen D. Rhyne
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Phone: (303) 454-0100
Fax: (303) 454-0402
pegeen.rhyne@usdoj.gov