IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 20-cr-00016-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KRISTEN M. MARTIN,

    Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

    This matter is before the Court on Defendant's Motion for Compassionate Early Release (Doc. # 29). After complete review of Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that Defendant's Motion for Compassionate Release is DENIED.

    FACTORS CONSIDERED:

1. Defendant is a 40-year-old inmate currently housed at FCI Waseca in Minnesota. (Doc. # 21, p. 2; Doc. # 29, p. 2).

2. In 2020, Defendant pled guilty to mail fraud and tax evasion. (Doc. # 43). She was sentenced to 33 months in prison. (*See* Doc. # 25). Her projected release date is December 1, 2022. (Doc. # 36).

1

3. As of the date of this order, Defendant had served less than 10 months of her 33-month sentence, or approximately 30%.

4. Defendant now seeks compassionate release. She argues that her confinement "has been greatly impacted by the response to the [COVID-19] pandemic," resulting in a harsher sentence than she would have received in the absence of the pandemic. (Doc. # 29, p. 7). Specifically, she contends that FCI Waseca's COVID-related safety measures have limited her ability to interact with other inmates, to participate in programs and work opportunities, and to communicate with family. Defendant also reports that she has asthma, which she believes is "a COVID Risk Factor." (Doc. # 29, p. 8)

5. The Court may reduce the defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)]" the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

6. The applicable Sentencing Commission policy statement provides that a court may reduce the term of imprisonment if it finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13. The policy statement includes an application note that specifies the

types of conditions and characteristics that qualify as "extraordinary and compelling reasons" for release. USSG § 1B1.13, cmt. n.1(B)-(C).

7. As the movant, Defendant bears the burden to establish that she is eligible for a reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

8. Defendant argues that FCI Waseca's COVID-related safety measures have made her confinement unduly harsh. Specifically, she asserts that she was kept in solitary confinement for 20 days due to virus risk; her "ability to interact with other inmates of appropriate security classification has been significantly reduced"; "[n]o visitation from family, including her minor children, is allowed"; access to communication and to the outdoors is limited; and "[t]here have been no standard programs, services or job opportunities." (Doc. # 72, pp. 2-5). She contends that these conditions, combined with her asthma, constitute "extraordinary and compelling" reasons to release her from custody.

9. The Government responds Defendant has failed to demonstrate "extraordinary and compelling" reasons justifying her release. The Government notes that Defendant has failed to present any of the circumstances that the Sentencing Commission has identified as "extraordinary and compelling," such as terminal illness, advanced age and severe physical deterioration, or the death of a caregiver of the defendant's minor children. *See* Application Notes to U.S.S.G. § 1B1.13. Further, the Government contends, the sentencing factors under § 3553(a) favor denying Defendant's Motion. Releasing Defendant less than one

year after her sentence began, the Government argues, "would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate general or specific deterrence." (Doc. # 32, pp. 9-10).

10. The Government also argues that "asthma is NOT among the conditions known to create an increased risk of severe COVID-19 illness." (Doc. # 32, p. 6). The Government also points out that "there is no evidence that [Defendant] has been diagnosed with moderate-to-severe asthma." (Doc. # 32, p. 6).

11. The Court finds that Defendant has failed to demonstrate "extraordinary and compelling" reasons for reducing her sentence. The Sentencing Commission has identified a number of circumstances – like advanced age, severe physical deterioration, or the death of a caregiver of the defendant's minor children – that justify compassionate release. None of those conditions are present in this case. Rather, Defendant is essentially arguing that the COVID-19 pandemic, by itself, is a compelling reason to release her from incarceration. The Court disagrees.

12. This Court agrees with those courts that have held that the presence of COVID-19 risk factors, standing alone, do not give rise to extraordinary and compelling reasons justifying compassionate release. *See, eg. United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *accord United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr.

9, 2020) ("[I]n this Court's view, the mere *possibility* of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme") (emphasis in original); *United States v. Eberhart*, 2020 WL 1450745 at *2 (N.D. Ca. Mar. 25, 2020) ("As defendant does not assert that he is suffering from a medical condition as defined in U.S.S.G. § 1B1.13, a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)"); *United States v. Bell*, 2020 WL 2129412, at *4-5 (D. Conn. May 5, 2020) (denying compassionate release to a 26-year-old with asthma for which he is prescribed an albuterol inhaler, and scar tissue on his lung from a gunshot wound, because, "[g]iven Mr. Bell's youth and his current health status, there is insufficient evidence in this record that his current BOP facility cannot adequately care for him."); *United States v. Rodriguez*, 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020) (denying compassionate release to a 26-year-old with "reportedly well controlled" asthma, because "[a]ll he has done is to note that he has asthma, he is in prison, and there is a COVID-19 outbreak nationwide. That is not enough.").

13. Because Defendant has failed to demonstrate the existence of extraordinary and compelling circumstances, early release is not justified.

For the foregoing reasons, Defendant's Motion for Early Compassionate Release (Doc. # 29) is DENIED.

DATED: June 1, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge